**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN ECONOMY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| BOYD FLOTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff, American Economy Insurance Company ("AMERICAN"), by and through its undersigned counsel, and for its Complaint for Declaratory Relief, states as follows:

**PARTIES**

1.      AMERICAN is, and at all times material hereto was, an insurance company incorporated in the State of Indiana with its principal place of business located in Boston, Massachusetts.

2.      Defendant Boyd Flotation, Inc. ("BOYD") is a Missouri corporation with its principal place of business located in Maryland Heights, Missouri.

**JURISDICTION AND VENUE**

3.      The matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs, and is between citizens of different States. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4.      This action seeks declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code to declare the rights and

other legal relations surrounding questions of actual controversy that exist between the Plaintiff AMERICAN and Defendant BOYD.

5.      Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391 in that both BOYD's principal place of business and the property involved in this action are located in St. Louis County, Missouri and, therefore, within the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. § 105(a)(1).

## FACTS
## Summary of the Loss and Appraisal

6.      BOYD is a manufacturer and business owner, in active business in the State of Missouri since 1989.

7.      On or about April 28, 2012, a hail storm occurred in St. Louis County and, as a result, BOYD suffered damage to its buildings located at 2440 Adie Road, Maryland Heights, Missouri.

8.      AMERICAN issued Commercial Property Coverage to Boyd Flotation, Inc. as part of its insurance Policy # 24-CC-253747-4 ("Policy"). A copy of that Policy is attached as Exhibit A.

9.      BOYD submitted a claim to AMERICAN for the physical damage to its buildings under said Policy, but, at all times material hereto, Boyd has **not** made a claim for other amounts under the Policy such as for physical damage to its personal property, for actual loss of its business income or for extra expenses.

10.     In responding to the claim, AMERICAN determined the "actual cash value" of the property damage to the buildings to be $310,622.33.

11.     AMERICAN paid BOYD $310,622.33 (the "actual cash value") on or about June 6, 2012 and advised BOYD that, in accordance with the Policy terms, AMERICAN would pay

2

the depreciation, actual incurred cost to repair and additional costs required to repair the buildings in compliance with applicable ordinances, after the physical damage to the buildings was actually repaired.

12.     As of the date this Complaint was filed, BOYD has not yet repaired or replaced the hail damage to its buildings.

13.     BOYD disagreed with AMERICAN'S calculation as to the value of the loss and demanded appraisal as provided for in the special appraisal provisions of the Policy, which reads as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 74 38 03 08)**

&ast;&ast;&ast;

**E.     Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**2. Appraisal**

&ast;&ast;&ast;

[Page 31 or 39]

**MISSOURI CHANGE (IL 01 01 08 05)**

&ast;&ast;&ast;

**D.** . . . the Appraisal Loss Condition...is replaced with the following:

<u>**If we and you disagree on the value of the property or the amount of loss ("loss"), either may make written demand for an appraisal of the loss ("loss").**</u> In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two Appraisers will select an umpire. <u>**If they cannot agree upon an umpire within 15 days, we or you may request that selection be made by a judge of a court having jurisdiction. The Appraisers will state separately the value of the property and amount of loss ("loss").**</u> If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award

3

within 30 days after the umpire receives the Appraisers' submissions of their differences. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

**If there is an appraisal, we will still retain our right to deny the claim.**

[Page 2 of 4. Emphasis added in bold and underlined.]

14.     When BOYD's appraiser and AMERICAN's appraiser were not able to reach agreement as to an umpire for the appraisal of the building damage claim, BOYD filed a "Petition for Appointment of Umpire" ("Petition") in the Circuit Court for the Twenty-First Circuit, St. Louis County, Missouri. A copy of BOYD's Petition is attached as Exhibit B (associated exhibits removed).

15.     On January 29, 2014 the state court designated an umpire by signed order.  A copy of the state court order is attached as Exhibit C.

16.     The appraisers for each party and umpire ("Appraisers") were not able to meet to conduct their appraisal until April 24, 2014.

17.     During the course of the appraisal, various issues related to coverage under the Policy and, therefore, outside the scope of appraisal of the building damage, have arisen. These coverage issues include the matters set forth in Paragraphs 18 through 27 herein.

18.     BOYD seeks an appraisal award that does not "state separately the value of the property and amount of loss" such that there will be no appropriate separation of the items of loss in a manner that will allow for subsequent applications of the Policy terms. For instance, BOYD proposed an appraisal award form that does not state the "actual cash value" separately from the "replacement cost", the latter of which is payable, per the terms of the Policy, only if incurred.

4

BOYD'S proposed appraisal award form is attached as Exhibit D and AMERICAN'S proposed award form is attached as Exhibit E.

19.     On information and belief formed after communications with BOYD or BOYD's representatives, BOYD seeks an appraisal award that would provide for an immediate payment by AMERICAN for the replacement cost of the building damage without BOYD first incurring the cost of repairing or replacing the damaged property. However, the Policy reads:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 74 38 03 08)**

\*\*\*

**E.     Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**7.     Valuation**

**a.**     We will determine that value of Covered Property in the event of loss or damage at replacement cost (without deduction for depreciation) of the time of loss or damage, except as provided in **c.** through **f.** below.

**b.**     **We will not pay more for loss or damage in a replacement cost basis than the least of (1), (2) or (3), subject to c. below:**

**(1)**     The Limit of Insurance applicable to the lost or damaged property;

**(2)**     The cost to replace the lost or damaged property with other property:

**(a)**     Of comparable material and quality; and
**(b)**     Used for the same purposes; or

**(3)**     **The amount actually spent that is necessary to repair or replace the lost or damaged property.**

**c.**     The cost of repair or replacement does not include the increased cost of attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

[Page 33 of 39.  Emphasis added in bold and underlined.]

5

20.     On information and belief formed after communications with BOYD or BOYD's representatives, BOYD seeks an appraisal award that would require an immediate payment from AMERICAN for the costs to upgrade the area of repair as required by ordinance or law without actually incurring the cost to upgrade to those ordinances or laws. However, the Policy reads:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 74 38 03 08)**

**A. Coverage**

**4.      Additional Coverages**

\*\*\*

**m.      Ordinance Or Law**

\*\*\*

**(c)      Coverage C – Increased Cost Of Construction Coverage**

**(i)**      With respect to the building that has sustained covered direct physical damage, we will pay the increased cost to:

**(aa)**      Repair or reconstruct damaged portions of that building; and/or

**(bb)**      Reconstruct or remodel undamaged portions of that building, whether or not demolition is required;

**(ii)**      However:

**(aa)**      This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

**(bb)**      <u>We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.</u>

\*\*\*

**(ii)**      With respect to the Increased Cost Of Construction:

**(aa)**      <u>We will not pay for the increased cost of construction:</u>

6

> ***(1)*** **Until the property is actually repaired or replaced, at the same or another premises; and**
>
> ***(2)*** **Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.**

[Page 11-14 of 39.  Emphasis added in bold and underlined.]

21.     On information and belief formed after communications with BOYD or BOYD's representatives, BOYD seeks an award through the appraisal and then an immediate payment by AMERICAN for an alleged loss of Business Income or Extra Expense by first raising and submitting this "claim" to the Appraisers, yet no claim for Business Income or Extra Expense was ever made to AMERICAN. However, the Policy reads as follows as to appraisals under the Business Income (and Extra Expense) Coverage:

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**

**(CP 74 40 03 08)**

    **D.**    **Loss Conditions**

        The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

        **1. Appraisal**

[Page 7 of 10.]

***

**MISSOURI CHANGES (IL 01 01 08 05)**

***

**D.**  . . . the Appraisal Loss Condition...is replaced with the following:

**E.**     The **Appraisal** Condition in:

    1.     Business Income (And Extra Expenses) Coverage Form **CP 00 30**;

    2.     Business Income (Without Extra Expense) Coverage Form **CP 0032**; and

7

3.    Capital Assets Program Coverage Form (Output Policy), **OP 00 01**, Paragraph **A.7. Business Income And Extra Expenses**;

is replaced by the following:

**APPRAISAL**

**If we and you disagree on the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss.** In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two Appraisers will select and umpire. If they cannot agree upon an umpire within 15 days, we or you may request that selection be made by a judge of a court having jurisdiction. The Appraisers will state separately the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the Appraisers' submissions of their differences. A decision agreed to by any two will be binding. Each party will:

**1.**    Pay it chosen appraiser; and

**2.**    Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

**If there is an appraisal, we will still retain our right to deny the claim.**

[Page 2 of 4. Emphasis added in bold and underlined.]

22.    Since no claim for Business Income or Extra Expense was made to AMERICAN by BOYD, there has been no disagreement between AMERICAN and BOYD concerning Business Income or Extra Expense such as to trigger the Appraisal Loss Condition with respect to Business Income and Extra Expense.

23.    Further, if a claim for Business Income or Extra Expense is made, certain Policy conditions apply such that AMERICAN must first be allowed to adequately investigate and adjust such loss, including:

8

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**

**(CP 74 40 03 08)**

    **D.**     **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**2. Duties In The Event Of Loss**

a. You must see that the following are done in the event of loss:

\*\*\*

    (5)    As often as may be reasonably required, permit us to...examine your books and records...and permit us to make copies of your books and records.

    \*\*\*

    (6)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    (7)    Cooperate with us in the investigation and settlement of the claim.

[Pages 7-8 of 10.]

24.    Also, the Policy only provides Business Income and Extra Expense coverage under certain circumstances, which BOYD must satisfy to support a claim.  These include that that an actual loss must be incurred that must result from a necessary suspension of business operations:

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**

**(CP 74 40 03 08)**

**A.**    **Coverage**

    **1.**    **Business Income**

        \*\*\*

We will pay for the actual loss of Business Income **you sustain** due to the **necessary "suspension"** of your operations during the "period of restoration".

\*\*\*

2.      Extra Expense

\*\*\*

b. Extra Expense means **necessary expenses you incur** during the period of restoration that you would not have incurred in there had been no physical loss or damage....

[Page 1 of 10. Emphasis added in bold and underlined.]

25.    On information and belief formed after communications with BOYD or its Representatives, BOYD seeks an award through the appraisal and then an immediate payment by AMERICAN for alleged damage to contents or Business Personal Property by first raising and submitting this "claim" to the Appraisers, yet no such claim was ever made to AMERICAN. However, the Policy requires there to be a dispute before a contents or Business Personal Property claim can be submitted to the appraisal process. See Paragraph 12 of this Complaint, which states: "If we and you disagree on the value of the property or the amount of loss ("loss"), either may make written demand for an appraisal of the loss ("loss")."

26.    Further, if a claim for contents or Business Personal Property is made, certain Policy conditions apply such that AMERICAN must first be allowed to adequately investigate and adjust such loss, including:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 74 38 03 08)**

E.      **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*

**3. Duties In The Event Of Loss Of Damage**

10

a. You must see that the following are done in the event of loss or damage to

Covered Property:

\*\*\*

    (2)    Give us prompt notice of the loss or damage.  Include a description of the property involved.

    (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.

    (4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of this claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

    (5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

    (6)    As often as may be reasonably required, permit us to inspect the property proving the loss o damage and examine your books and records.

            Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    (8)    Cooperate with us in the investigation or settlement of the claim.

[Pages 31-32 or 39.]

    27.    Other terms or conditions of the Policy may apply to new claims made by BOYD for loss or damage other than physical damage to its buildings, but any new claim must first be presented to AMERICAN to allow the proper investigation and adjustment of that claim, determine the rights of duties of the parties and allow for the application of coverage conditions

11

and exclusions. Coverage is the purview of this Court and not the Appraisers. Should disputes arise as to contractual terms, the authority of this Court cannot be circumvented by submitting such issues to the Appraisers.

## COUNT I

### DECLARATORY JUDGMENT: ENFORCEMENT OF THE TERMS AND CONDITIONS OF THE POLICY AS TO REPLACEMENT COST

28.     AMERICAN incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth herein verbatim.

29.     There exists an actual and justiciable controversy between AMERICAN and BOYD which is within the jurisdiction of this Court, and which involves the rights and liabilities of the parties regarding AMERICAN's obligation under the Policy to pay repair or replacement costs.

30.     The Policy does not require AMERICAN to pay for the repair or replacement cost until such cost is incurred and demonstrated by BOYD. Such payment is limited to the actual amount spent, as referenced in Paragraph 19 above, and by other terms and conditions of the Policy.

31.     AMERICAN seeks declaratory relief to determine its rights and obligations under the Policy with respect to the cost to repair or replace and seeks declaratory judgment that the Policy does not provide coverage for such costs until actually incurred and demonstrated to AMERICAN for review under the Policy terms.

32.     In order to allow this Court to enforce the Policy provisions as to replacement cost, but allow the appraisal to otherwise determine the maximum value of the replacement cost, AMERICAN also seeks declaratory judgment that the appraisal form to be used by the Appraisers separately state each determined value of the "replacement cost, the "actual cash

value," and the "increased costs of construction" due to the enforcement of ordinance or law.

## COUNT II

## DECLARATORY JUDGMENT: ENFORCEMENT OF THE TERMS AND CONDITIONS OF THE POLICY AS TO INCREASED COSTS OF CONSTRUCTION DUE TO CODES

33.     AMERICAN incorporates by reference paragraphs 1 through 32 of this Complaint as is set forth herein verbatim.

34.     There exists an actual and justiciable controversy between AMERICAN and BOYD which is within the jurisdiction of this Court, and which involves the rights and liabilities of the parties regarding AMERICAN's obligation under the Policy to pay for the increased costs of construction due to ordinance or law.

35.     The Policy does not require AMERICAN to pay for the increased costs of construction due to ordinance or law until such costs are incurred by BOYD and, then, such payment is limited to the actual amount spent and by other terms and conditions of the policy.

36.     AMERICAN seeks declaratory relief to determine its rights and obligations under the Policy with respect to the increased costs of construction due to ordinance or law and seeks declaratory judgment that the Policy does not provide coverage for such costs until actually incurred and presented to the AMERICAN for consideration under the terms of the Policy.

37.     In order to allow this Court to enforce the Policy provisions as to increased costs of construction required by ordinance or law, but to allow the appraisal to otherwise determine the maximum value of this loss, AMERICAN seeks declaratory judgment that the appraisal form be required to separately state the "increased costs of construction required by ordinance or law", the "actual cash value", and the "replacement costs".

## COUNT III

**DECLARATORY JUDGMENT: ENFORCEMENT OF THE TERMS AND CONDITIONS OF THE POLICY AS TO THE APPRAISAL OF BOYD'S CLAIM FOR BUSINESS INCOME AND EXTRA EXPENSE**

38.     AMERICAN incorporates by reference paragraphs 1 through 37 of this Complaint as is set forth herein verbatim.

39.     There exists an actual and justiciable controversy between AMERICAN and BOYD which is within the jurisdiction of this Court, and which involves the rights and liabilities of the parties regarding the attempt to appraise a claim for Business Income and Extra Expense before such claim is first presented to AMERICAN for evaluation, investigation, and adjustment under the terms of the Policy.

40.     The Policy does not require appraisal for any claim until there is a dispute as to the value of that claim. Because no claim for loss of Business Income and claim Extra Expense has been submitted to AMERICAN, it has not been presented with any claim to evaluate, investigate, or adjust under the terms of the policy and no coverage determination by AMERICAN can be or has been made.   The Policy provides certain rights and duties of the parties as well as to terms of coverage for claims for Business Income and Extra Expense that cannot be circumvented by the appraisal process. AMERICAN seeks declaratory relief that this Court require BOYD to first submit any claim for loss of Business Income or claim of Extra Expense to AMERICAN for it to evaluate, investigate and adjust under the terms of its Policy.

41.     AMERICAN seeks declaratory relief that all disputes as to rights, duties, policy terms, coverage, and even the right to demand an appraisal for Business Income and Extra Expense loss, are not the purview of the Appraisers, but rather this Court.

14

## COUNT IV

### DECLARATORY JUDGMENT: ENFORCEMENT OF THE TERMS AND CONDITIONS OF THE POLICY AS TO THE APPRAISAL OF BOYD'S CLAIM FOR ALLEGED DAMAGE TO CONTENTS OR BUSINESS PERSONAL PROPERTY

42.     AMERICAN incorporates by reference paragraphs 1 through 41 of this Complaint as is set forth herein verbatim.

43.     There exists an actual and justiciable controversy between AMERICAN and BOYD which is within the jurisdiction of this Court, and which involves the rights and liabilities of the parties regarding the attempt to appraise the value of an alleged claim of damage to contents or Business Personal Property before such claim is first presented to AMERICAN for evaluation, investigation, and adjustment under the terms of the Policy as the Policy requires.

44.     The Policy does not provide for appraisal for any claim until there is a dispute as to the value of that claim. Because no claim for contents of Business Personal Property has been submitted to AMERICAN, it has not been presented with any claim to evaluate, investigate, or adjust under the terms of the policy and no coverage determination by AMERICAN can be or has been made.   The Policy provides certain rights and duties of the parties as well as certain terms of coverage for claims for contents and Business Personal Property that cannot be circumvented by the appraisal process. AMERICAN seeks declaratory relief that this Court require BOYD to first submit any claim for loss or damage to contents or Business Personal Property to AMERICAN for it to evaluate, investigate and adjust under the terms of its Policy.

45.     AMERICAN seeks declaratory relief that all disputes as to rights, duties, policy terms, coverage, and even the right to demand an appraisal for contents or Business Personal Property loss, are not the purview of the Appraisers, but rather this Court.

15

WHEREFORE, AMERICAN seeks a declaration by this Court as follows:

a.      Before payment for replacement cost is payable under the Policy for physical damage to the buildings at 2440 Adie Road resulting from the hail storm on or about April 28, 2012, BOYD must repair or replace the damage in accordance with the Policy terms and is further limited to the amount actually spent to do so.

b.      Before payment is owed for the Increased Cost Of Construction under the Policy for physical damage to the buildings at 2440 Adie Road resulting from the hail storm on or about April 28, 2012, BOYD must actually incur that increased cost of construction and is further limited by the terms and conditions of the policy including the time allowed in which to incur such costs and the amount actually spent.

c.      Before an alleged Business Income or Extra Expense loss can be submitted to appraisal for losses allegedly resulting from the hail storm on or about April 28, 2012, BOYD must first make the claim to AMERICAN, demonstrate it meets the Policy terms and conditions and allows AMERICAN the opportunity to evaluate, investigate and adjust the loss in accordance with the terms of the Policy .

d.      Before an alleged contents or Business Personal Property loss can be submitted to appraisal for losses allegedly resulting from the hail storm on or about April 28, 2012, BOYD must first make the claim to AMERICAN, demonstrate it meets the Policy conditions for coverage and allow AMERICAN the opportunity to evaluate, investigate and adjust the loss in accordance with the terms of the Policy.

e.      That the appraisal form to be used by the Appraisers must separately state the appraised values for each the (1) actual cash value, (2) depreciation, (3) replacement cost and (4) increased costs of construction due to ordinance or law.

f.      And any further relief this Court deems just.

Dated:  May 23, 2014

                                          Respectfully submitted,


                                          /s/ Robert W. Cockerham
                                          Robert W. Cockerham  #31984MO
                                          John W. Taylor  #36894MO
                                          COCKERHAM & ASSOCIATES, L.L.C.
                                          Attorneys for Plaintiff
                                          10803 Olive Blvd.
                                          St. Louis, Missouri 63141
                                          (314) 621-3900
                                          (314) 621-3903 (fax)
                                          rcockerham@cockerhamlaw.com
                                          jtaylor@cockerhamlaw.com

17